UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

WINDY LUCIUS,

     Plaintiff,

v.

CRU CELLARS, LLC


     Defendant.

_____/

## **<u>COMPLAINT</u>**

Plaintiff Windy Lucius ("Plaintiff") by and through her undersigned counsel hereby sues Defendant Cru Cellars, LLC doing business as https://www.crucellars.com ("Defendant"), a Florida limited liability company, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been

given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and 28 U.S.C. § 2201, § 2202.

3.      Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.      Plaintiff uses the internet and a mobile device to help her navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to her (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5.     Plaintiff is also a "tester" for the purpose of asserting her civil rights. She monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.     Defendant owns and operates the Palma Ceia Cru Cellars restaurant located at 2506 South MacDill Avenue, Tampa, Florida 33629. The Palma Ceia Cru Cellars restaurant has a wine cellar theme with significant portion of restaurant space dedicated to displaying racks of wine for purchase and specializes in serving American cuisine (red meat, fish, salads, pastas) and features craft bears by the glass and a wine bar as well as an extensive array of curated wines for purchase (from the wine store portion of the restaurant).

7.     There are three related Cru Cellars restaurants operating within Hillsborough County that are within this district as follows:

- • "Palma Ceia Cru Cellars," located at 2506 South MacDill Avenue, Tampa, Florida 33629 (which is the subject of this instant action);

- • "Armature Works" located at 1910 North Ola Avenue, Tampa, Florida 33602 (owned by Cru Armature Works LLC, which is not a party to this action);

- • "Westshore Marina" located at 5232 Bridge Street, Tampa, Florida 33611 (owned by Cru Westshore Marina LLC, which is not a party to this action);

8.      Each Cru Cellars restaurant (and wine store) is open to the public therefore each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §§ 12181(7)(B) & (E), §12182 and 28 C.F.R. §§ 36.104(2) & (5). Defendant's Palma Ceia Cru Cellars restaurant and wine store is referenced throughout as "place of public accommodation," "Palma Ceia Cru Cellars," or "restaurant."

9.      As Defendant is the owner and operator of the Palma Ceia Cru Cellars restaurant and wine store, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E), §12182 and 28 C.F.R. §§ 36.104(2) & (5).

10.      Subsequent to the effective date of the ADA, Defendant constructed, caused to be constructed, and/or is the beneficiary of the https://www.crucellars.com mobile website (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the three Cru Cellars restaurants located within this district. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of the Cru Cellars restaurant physical locations.

11.      The mobile website is offered as a way for the public to learn about each Cru Cellar restaurant location hours of operation and location, has  an "event"

tab to inform the public about special events (and per person pricing for the events) such as "Rose Class," "August Wine Wednesday," and "Walk Around French Wine Tasting," and provides other information the restaurants seek to communicate to the public. The mobile website allows the public to order food online for pickup and has a link to order for delivery (through Uber Eats) and provides links to the Cru Cellar Facebook and Instagram pages. The mobile website also provides menus by location which are specific for pick up from the restaurant physical locations and offers the public the ability to learn about and inquire about hosting private events by event "package" and menu selection at the various Cru Cellar restaurant locations. By the provision of menu selection, online ordering for pickup or delivery, and the ability to learn about and inquire about private event hosting, the mobile website is an integral part of the goods and services offered by Defendant on behalf of its Palma Ceia Cru Cellars restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[1], 42 U.S.C. § 12181(7)(B) and 28 C.F.R. §§ 36.104(2).

---

[1] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/.  The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

12.     The mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.  Defendant has subjected itself to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from its Palma Ceia Cru Cellars restaurant. As a result, the mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, the mobile website must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[2]

13.     The mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

14.     Like the seeing community, Plaintiff would like the opportunity to be able to use the Cru Cellars restaurant mobile website to test for the ability to comprehend Palma Ceia Cru Cellars menu selections and to test for the ability to order food online for delivery or pickup, learn about Palma Ceia Cru Cellars wine tasting events, and to inquire about hosting private events within Defendant's

---

[2] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

restaurant. However, unless Defendant is required to eliminate the barriers to Plaintiff's ability to communicate with the mobile website, Plaintiff will continue to denied full and equal access to Defendant's restaurant via the mobile website and will be deterred from using the mobile website.

15.     Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist.

16.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendant's practice.

17.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

18.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## <u>COUNT I – VIOLATIONS OF TITLE III OF THE ADA</u>

19.     The ADA requires that Public Accommodations (and Places of Public

Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

20.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

21.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

22.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

23.     The Cru Cellars mobile website has been designed to integrate with Cru Cellars restaurants and specifically Defendant's Palma Ceia Cru Cellars restaurant through the provision of online ordering, the ability to learn about

upcoming wine tasting events, and the ability to inquire about hosting private events online; therefore, the mobile website is an extension of Cru Cellars restaurants and specifically Defendant's Palma Ceia Cru Cellars restaurant. By and through the mobile website Defendant has extended its restaurant into individual persons' homes and portable devices wherever located. Therefore, the mobile website is a service, facility, privilege, advantage, benefit and accommodation of its restaurant and is integrated with, and is a nexus to, its restaurant and therefore is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

24.     Plaintiff attempted to access and test the mobile website, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as herself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.   Guideline 1.3.1 Info and Relationships is violated. The *main menu* icon does not receive focus and is not announced.  Therefore, mobile VoiceOver screen reader software users are not able to access any of the menu links including (but not limited to) *Online Ordering*, *Locations*, and *Events*.

ii.   Guideline 2.4.3 Focus order is violated. The site is required to provide focus in a logical order, and this has been violated. The *Subscribe* button on the *White Wine Club* page does not receive focus and is not announced. A mobile VoiceOver screen reader software user can swipe through all of the elements on the *White Wine Club* page and the *Subscribe* button will never be announced; therefore, mobile VoiceOver screen reader software user cannot access the *Subscription* form. The only way a mobile VoiceOver screen reader software user can access the *Subscription* form is if they turn "off" the mobile VoiceOver screen reader software and press the *Subscribe* button. This identical issue/violation also occurs on the *Red Wine Club membership* page. Unfortunately, mobile VoiceOver screen reader software users are prevented from signing up for either the *White Wine Club* or the *Red Wine Club* memberships.

iii.   Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. Mobile VoiceOver screen reader software users are not able to purchase an event ticket. For example, the *July Wine Wednesday* event page includes a *Quantity* field and an *Add to Cart* button, but neither of these elements receives focus, nor are they announced. A mobile VoiceOver screen reader software user can swipe through all of the page contents and these elements will never be announced as focus skips from the price to the date text. Therefore, mobile VoiceOver screen reader software users are prevented from purchasing event tickets online.

25.   In this instant case, the mobile website's online ordering system is linked to third party vendors. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to third party vendor platforms does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible

platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).  Compliance with the ADA is a nondelegable duty.

26.     As the owner and/or operator and/or beneficiary of the mobile website which exclusively serves as a gateway to its Palma Ceia Cru Cellars restaurant (for online ordering of food for pickup or delivery), Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a mobile website that is accessible to Plaintiff so that she (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability to test and/or communicate her desire to review menu selections and purchase food online as well as to inquire about hosting private events online.

27.     Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations

delineated within paragraph 24) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in its denying Plaintiff effective communication on the basis of her disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

28.     Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

29.     As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

30.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

31.     Plaintiff desires to access the mobile website to assure herself that the mobile website is in compliance with the ADA so that she will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend and test the Cru Cellars restaurant online ordering service and inquire about special wine tasting events and hosting private events online due to Defendant's non-compliance with the ADA with respect to the mobile website.

32.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its mobile website to make it readily accessible to and usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant Cru Cellars, LLC and requests the following injunctive and declaratory

relief:

a. The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq*.;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain a mobile website which serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c. The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending Palma Ceia Cru Cellars menu selections, learning about upcoming wine tasting events, ordering/paying for food online for delivery or pickup and for inquiring about space for private dining events, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that she is not impeded from obtaining the goods and

services which Defendant has made available to the public through the mobile website.

e.  The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.  The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h.  The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 8, 2022

      Respectfully submitted,

      */s/ J. Courtney Cunningham*
      J. Courtney Cunningham, Esq.
      J. COURTNEY CUNNINGHAM, PLLC
      FBN: 628166
      8950 SW 74th Court, Suite 2201
      Miami, Florida 33156
      Telephone:  305-351-2014
      Email: cc@cunninghampllc.com

*Counsel for Plaintiff*